[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was the defendant in State of Connecticut v. FrederickGunn, docket number CR 98-525174 in the Superior Court for the Judicial District of Hartford at Hartford. On March 9, 2000 the petitioner entered guilty pleas under the Alford Doctrine to kidnaping in the first degree in violation of Conn. Gen. Stat. §§ 53a-92 (a)(2)(A); sexual assault in the first degree in violation of Conn. Gen. Stat. § 54a-70 (a) (1); assault in the third degree in violation of Conn. Gen. Stat. §53a-61 (a)(1); and threatening in violation of Conn. Gen. Stat. (Exhibit 2) § 53a-62 (a)(1). On May 26, 2000, pursuant to the pleas and resulting convictions, the Court (Clifford, J.) sentenced petitioner to a total effective sentence of 38 years suspended after 18 years, followed by 10 years probation with special conditions. The petitioner is currently in the custody of the Commissioner of Corrections pursuant to said convictions. The petitioner was represented at trial by Attorney Ross Delaney.
The petitioner, by counsel, filed an amended petition seeking a writ of habeas corpus based on a claim of ineffective assistance of trial counsel. The claims of ineffective assistance of counsel as alleged in his petition are that his trial counsel: (a) refused to listen to petitioner's side of the story; (b) refused to discuss any defense strategy with petitioner; (c) refused to investigate petitioner's recitation of events; (d) failed to argue on petitioner's behalf to withdraw his guilty pleas; and (d) failed to file for sentence review.
This court heard this matter on August 7, 2002. The only witnesses were the petitioner and Mr. Delaney. Offered as exhibits were the information in the petitioner's criminal case, three transcripts of court proceedings, March 9, 2000 when the guilty pleas were entered, May 12, 2000 when a motion to withdraw the guilty pleas was heard, and May 26, 2000, when the petitioner was sentenced, and court records concerning the petitioner's prior criminal record.
CT Page 14631
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. "First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted). Guadalupe v. Commissioner of Correction, 68 Conn. 913, 796 A.2d 557 (2002).
"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard or reasonableness. . . . In Strickland, the United States Supreme court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decision in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) Henry v. Commissioner of Correction, 60 Conn. App. 313, CT Page 14632 317-18, 759 A.2d 118 (2000).
 When the ineffective assistance of counsel claim arises from the plea negotiation process, the prejudice requirement is satisfied if the petitioner proves that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Daniel v. Commissioner of Correction, 57 Conn. App. 651, 665, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024
(2000).
Michael Braham v. Commissioner of Correction, 72 Conn. App. 1, 5-7
(App. Ct. 2002).
The petitioner has abandoned all of the claims of ineffective assistance of counsel except the claim that counsel failed to argue on petitioner's behalf to withdraw his guilty pleas.
The petitioner entered his guilty pleas on March 9, 2000, after the criminal case was on trial and the jury partially selected. The petitioner had a lengthy criminal record and was on trial for charges which exposed him to a total effective sentence in excess of sixty years. The crime was a particularly brutal one and the state had a very strong case. A plea agreement was reached and the pleas of guilty were entered before Judge Patrick Clifford. Judge Clifford conducted a very comprehensive canvass and accepted the pleas. Although the presentence report was waived, at the petitioner's request sentencing was continued to May 1, 2000 50 that the petitioner would "be able to speak to his family and get ready."
Sentencing was then further continued because counsel advised the court that the petitioner might wish to withdraw his plea. On May 12, 2000 the parties appeared before Judge Clifford in connection with an oral motion to withdraw the guilty pleas. Mr. Delaney suggested to the court that one of the reasons to withdraw the plea could be a claim of ineffective assistance of counsel in connection with his advice that the petitioner accept the plea offer. Judge Clifford indicated that he did not believe that giving such advice would constitute ineffective assistance of counsel since it was the petitioner who made the decision to plead guilty at the plea canvass. Mr. Delaney also indicated that at some time subsequent to the plea the petitioner informed him that, after thinking about it, he did not wish to enter an Alford plea to the facts recited by the prosecutor. CT Page 14633
The court then inquired of the petitioner as to why he wished to withdraw his plea. The petitioner then claimed that he was not properly represented by counsel and gave his reasons for that belief. Judge Clifford stated that he did not believe everything the petitioner was saying, but even if it all were true, it did not rise to the level of ineffective assistance of counsel, and he denied the motion to withdraw the pleas.
As indicated above, the only claim being made in the amended petition is that Mr. Delaney failed to argue the motion to withdraw the pleas. It is clear from the record in this case that there were no valid grounds upon which to argue in support of the motion. No matter how the arguments were made the ruling would have been the same. The claim in the amended petition is without merit.
In his memorandum the petitioner claims that since he wished to withdraw his pleas and since counsel could see no reason to withdraw the pleas that this resulted in a conflict of interest and a lapse of representation. The memorandum argues that Mr. Delaney should have requested that new counsel be appointed to argue the motion. The petitioner has failed to prove that had such a request been made that it would have been granted, or, if granted, that new counsel would have prevailed on the motion to withdraw the guilty pleas.
In addition, with respect to all of the claims made in connection with the motion to withdraw the pleas, the petitioner has failed to prove, or even claim, that if the pleas had been withdrawn, he would have gone to trial and would have achieved a more favorable result than he received in this case.
The petition is dismissed.
___________________ By the Court, William L. Hadden, Jr. Judge Trial Referee CT Page 14634